**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES TOMPKINS,

        Plaintiff,                         CASE NO. 05-CV-72788

-vs-
                                                PAUL D. BORMAN
AUTOZONE INC., et al.,                UNITED STATES DISTRICT JUDGE

        Defendants.
_____/

**OPINION AND ORDER GRANTING**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before this Court is Defendants AutoZone Inc. and AutoZone Stores, Inc.'s (collectively "Defendants") January 10, 2007 Motion for Summary Judgment. (Doc. No. 17). Plaintiff James Tompkins ("Plaintiff") filed his Response on February 6, 2007. The Court held a motion hearing on October 10, 2007. For the following reasons the Court GRANTS Defendants' Motion.

**I.    BACKGROUND**

This case arises out of Plaintiff's claim he was dismissed from his employment because of his age.

Plaintiff's employment with Defendants began in 1997, when he was forty-two-years-old. (Compl. ¶ 9; Defs' Br. Ex. A, Tompkins Dep. at 30). Plaintiff was fifty-years-old when he was terminated from his employment on January 26, 2005. (*Id*. ¶¶ 10, 14). At the time of his discharge, Plaintiff held the position of Store Manager. (*Id*. ¶¶ 10-11). Plaintiff was replaced a substantially younger man, who was twenty-four-years-old when he was hired. (Plf's Br. Ex. E, Banks Dep. 48).

It is undisputed that Plaintiff told two sexual jokes in presence of three employees: Chad Sadler, Kris Everette, and Brian Peterson. (Tompkins Dep. at 70-73). These two jokes were told in the store, although no customers were in the store at the time the jokes were told. (*Id*.).

Plaintiff relates the first joke as follows: "[H]ow do you screw a sheep? You wear loose boots, you put their back legs in your boots, you have them over a roof or something, and when you push, they wiggle back." (*Id*. at 70).

Plaintiff's second joke involved an "Oriental": "It was an Asian's sexual organs was across instead of up and down. That way the farther you spread the legs, the tighter it is."[1] (*Id*. at 72).

Finally, Plaintiff states that, five years prior, a subordinate employee told him a sexual joke involving a dwarf having sex with a penguin; and he did not report the joke. (*Id*. at 100-01, 105).

Plaintiff was discharged after an investigation into his behavior. (Defs' Br. Ex. D., Corrective Action Review). Brian Peterson made a complaint on January 19, 2005, to District Manager Gary House that Plaintiff had told two sexual jokes at the workplace. (Defs' Br. Ex. G, Statement of Brian Peterson at 2). Mr. House then reported these general allegations to Regional Human Resources Manager William Banks, Jr. (Banks Dep. at 22, 24). Mr. Banks then sent Dan Fredericks, a Regional Trainer, to investigate the allegations. (*Id*. at 25-26). Mr. Fredericks interviewed and took statements from Chad Sadler, Kris Everett, Brian Peterson, and Plaintiff.[2] (Defs' Br. Ex. F, Fredericks Dep. 10-21). The statements from Mr. Sadler, Mr. Everett and Mr. Peterson all corroborated Mr. Peterson's claim that Plaintiff had told two sexual jokes at the workplace. (Statement of Peterson; Defs' Br. Ex. H, Statement of Sadler; Defs' Br. Ex. I, Statement of Everett). It is undisputed that Plaintiff lied in his statement to Dan Fredericks, AutoZone Regional Trainer, when he denied he having ever told the jokes. (*Id*. at 75, 98-99).

---

[1] Plaintiff went on to clarify that he did not say "sexual organs" when telling the joke, he actually stated "pussy." (*Id*.).

[2] Plaintiff claims that Mr. Fredericks stated during his interview that "he had been around for quite awhile." (Defs' Br. Ex. A, Tompkins Dep. 47-48).

When the investigation was completed, Mr. Fredericks sent the statements to Mr. Banks for him to review for completion. (Banks Dep. 29-30). Mr. Banks then submitted them to AutoZone Relations Department, specifically attorney LaJuene Rose. (*Id*.; Defs' Br. Ex. K, Rose Decl. ¶ 2). After reviewing the statements collected, Ms. Rose made a recommendation of termination which was sent to David Michalak, the Regional Manager, and Mr. Banks. (Rose Decl. ¶ 3). This recommendation included four reasons justifying Plaintiff's discharge: (1) inappropriate comments of a sexual nature; (2) unprofessional behavior; (3) failure to report policy violations; and (4) loss of confidence. (*Id*.; Defs' Br. Ex. B, Michalak Dep. 17-18; Banks Dep. 31-32). Mr. Michalak then requested the statements from Mr. Banks and reviewed those statements. (Michalak Dep. 17-18). After determining that he agreed with the four reasons justifying Plaintiff's discharge, Mr. Michalak contacted Mr. Banks and instructed him to contact Mr. House to carry out the termination. (*Id*. at 21). Mr. Michalak made the final decision regarding Plaintiff's discharge. (*Id*.; Rose Decl. ¶ 4).

## II. ANALYSIS

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and

> identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce

more than a scintilla of evidence to survive summary judgment).

**B.  Discussion**

The Age Discrimination in Employment Act ("ADEA") prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment because of the individual's age."  29 U.S.C. § 623(a).  Similarly, Michigan's Elliot-Larson Civil Rights Act proscribes employers from discriminating against an individual with respect to "employment, compensation, or a term, condition, or privilege of employment. . . ."  Mich. Comp. Laws § 32.2202(1)(a).

Both ADEA claims and claims under the Elliot-Larsen Act are analyzed under the three step *McDonnell Douglas* framework.  *Cicero v. Borg-Warner Auto. Inc.*, 280 F.3d 579, 584 (6th Cir. 2002).  Under the *McDonnell Douglas* framework; (1) a plaintiff must show a *prima facie* case of age discrimination, which gives rise to a presumption of discrimination; (2) then, the burden shifts to the defendant who must demonstrate a legitimate, non-discriminatory reason for the adverse employment action; and (3) finally, if the employer satisfies this burden, the plaintiff must then show that the proffered reason was pretext for discrimination.  *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

Defendants concede Plaintiff has alleged a *prima* facie case of discrimination.  (Defs' Br. at 13-14).  Therefore, the burden shifts to Defendants to show the reason for termination was legitimate and for a non-discriminatory reason.  *Cicero*, 280 F.3d at 584.  Defendants provide that Plaintiff was discharged for four reasons: (1) making comments of a sexually explicit nature; (2) unprofessional behavior; (3) failure to report policy violations; and loss of confidence.  (Defs' Br. Ex D).  There is no dispute that these proffered reasons for discharge are non-discriminatory and

5

legitimate. Therefore, under the *McDonnell-Douglas* framework, the burden shifts back to Plaintiff to show that these reasons are pretext for age discrimination. *Cicero*, 280 F.3d at 584.

The Sixth Circuit has set forth three "routes" to proving pretext: "(1) the proffered reasons had no basis *in fact*; (2) the proffered reasons did not *actually* motivate his discharge; or (3) that they were *insufficient* to motivate discharge." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 378 (6th Cir. 2002) (emphases in original) (citation omitted). "If the plaintiff[] ha[s] made out a prima facie case of discrimination, the defendant can be awarded summary judgment only if no reasonable jury could conclude that the reasons offered for the plaintiff['s] dismissal[] were only a pretext hiding a discriminatory motive." *Bender v. Hecht's Dept. Stores*, 455 F.3d 612, 620 (6th Cir. 2006) (citation omitted).

Defendants argue Plaintiff has failed to carry his burden and show that its explanation is pretext and therefore, summary judgment is appropriate. Plaintiff contends Defendants' proffered reasons for termination did not actually motivate their decision and were insufficient to warrant discharge. Plaintiff argues that his telling of the jokes did not violate Defendants' sexual harassment policy because his comments were not offensive to those present when the jokes were told. The Court finds these argument unpersuasive.

Plaintiff avers he was fired for violating AutoZone's sexual harassment policy based on the testimony of Mr. Banks:

> Q: Is it your recollection then that violating some forms of the sexual harassment policy was the reason for Mr. Tompkins' discharge?
> A: Based on these – these – these infractions, yes.

(Plf's Br. Ex. 4, Banks Dep. at 43:23-44:1).

However, preceding portions of the deposition evidence Mr. Banks' lack of memory as to the issue and his initial denial:

> Q: All right. Were the jokes viewed as a violation of the AutoZone sexual harassment policy?
> A: I guess a form of it. But he did not get – it was not a violation of it.
> . . .
> Q: I mean, that's why he was fired, right, for violating the AutoZone sexual harassment policy?
> A: Um-hum.
> Q: Isn't that what all of this sums up to?
> A: I wouldn't say it directly.
> Q: In your view, did he say violate –
> A: Some components – some components – some components of it, I would say.
> Q: All right. You would say that he did or didn't?
> A: But I can't remember back there. I can't.

(*Id.* at 41:13-16 & 42:18-43:2). Mr. Banks also testified that he did not make the decision to discharge Plaintiff, he did not recommend Plaintiff be discharged, nor did he provide the justification for doing so. (*Id.* at 30-33, 35-38). Therefore, Plaintiff's contention that he was "involved" with the decision to discharge Plaintiff is without merit. Plaintiff testified that he received the corrective action review which set forth each reason for his termination: (1) inappropriate comments of a sexual nature; (2) unprofessional behavior; (3) failure to report policy violations; and (4) loss of confidence. (Tompkins Dep. at 117-18 & Ex. D, Corrective Action Review). Plaintiff further testified that he was not given any other reasons besides those in the corrective action review for his termination. (Defs' Br. Ex. A, Tompkins Dep. at 117-18). Further, Mr. Michalak testified consistently with the corrective action review, stating that Plaintiff was not discharged because he had violated Defendants' sexual harassment policy. (Michalak Dep. at 11). It is clear from the corrective action review and testimony that the reason for Plaintiff's discharge was not for violating the AutoZone's sexual harassment policy, nor was Plaintiff ever informed by Defendants that he had violated that policy. As a result, even in a light most favorable to Plaintiff

this argument fails to indicate pretext.[3]

Plaintiff avers that Mr. Fredericks' statement to Plaintiff during his interview that Plaintiff "had been around a while" evidences pretext. (Defs' Br. Ex. A, Tompkins Dep. at 47-48).

Plaintiff claims even if the joke was actually a violation of any policy, that fact is not sufficient to warrant discharge because such jokes were commonplace. Plaintiff relies upon the affidavit of Chad Sadler to support this argument. (*See* Plf's Br. Ex. 5, Sadler Aff.). Mr. Sadler stated that during his interview with Mr. Fredericks he revealed not only had he told similar jokes but that such jokes were "commonplace." (*Id*. at ¶¶ 14-15).

Mr. Sadler also states in his affidavit that Mr. Fredericks told him "off the record that everyone on in the corporation told those sorts of jokes" but Defendants were "only concerned with Mr. Tompkins." (*Id*. at ¶ 17). Plaintiff further relies on Mr. Sadler's statements to show that he was treated less favorably than similarly situated employees who were younger than himself. (Plf's Br. Ex. 3, Tompkins Aff. at ¶ 5 (acknowledging Mr. Sadler is a younger man); *see* Sadler Aff.).

Defendants argue that Mr. Sadler's affidavit does not create a genuine issue of material fact in this action because Mr. Sadler's admission of was never made known to Mr. Michalak. Defendants aver that since Mr. Michalak, who ultimately decided to discharge Plaintiff, was unaware of Mr. Sadler's conduct the situations cannot be compared. The Sixth Circuit has held:

> In the disciplinary context, we have held that to be found similarly situated, the plaintiff and his proposed comparator must have engaged in acts of comparable seriousness. To make this assessment, we may look to certain factors, such as whether the individuals have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's

---

[3] Plaintiff's argument that AutoZone's reasons for discharging Plaintiff have "shifted" over time indicating pretext relies upon the same testimony from Mr. Banks. For the reasons set forth above, there is no support for this assertion.

treatment of them for it.

*Wright v. Murray Guard,* 455 F.3d 702, 710 (6th Cir. 2006) (internal citations omitted). In the present action, Mr. Sadler, a younger man than Plaintiff, states he participated in the same conduct as Plaintiff, he reported the conduct to Mr. Fredericks and was not disciplined, investigated, or discharged by Defendants as a result. (Sadler Aff. ¶¶17-18). Therefore, Plaintiff and Mr. Sadler engaged in acts of "comparable seriousness." However, even taken in a light most favorable to Plaintiff, this claim does not create a genuine issue of material fact as to whether Defendants' proffered reasons for discharge are pretext. Plaintiff has not argued that Mr. Sadler was reported by another employee, nor has Plaintiff argued that his conduct ever came before the same decision maker, Mr. Michalak. These facts sufficiently distinguish Plaintiff and Mr. Sadler's treatment by Defendants. The Court also finds it pertinent that Mr. Sadler's affidavit contradicts his earlier signed statement to Mr. Fredericks that he had nothing else to include in his statement and the statement was the "complete truth." (Statement of Sadler at 2).

To the extent Plaintiff relies upon the single statement of Mr. Fredericks for evidence of age animus, such reliance is without merit. The Sixth Circuit has held that when examining statements showing employer bias, the court should consider:

> whether the comments were made by a decision maker or by an agent within the scope of his employment, whether they related to the decision-making process; whether they were more than merely vague, ambiguous, or isolated remarks; and whether they were proximate in time to the act of termination.

*Cooley v. Carmike Cinemas*, 25 F.3d 1325, 1330 (6th Cir. 1994). In the present case, Mr. Fredericks was not involved in the decision to terminate Plaintiff. There is no testimony that he ever spoke with Mr. Michalak or Ms. Rose about the statements he collected while investigating this issue. Further, Plaintiff testified that he did not know if the remark was directed at his age rather than the length

9

of time he had worked for Defendants. (Tompkins Dep. at 48). Therefore, the Court finds one stray and vague remark made by someone not involved in the decision making process does not create a genuine issue of material fact as to whether Defendants stated reasons for terminating Plaintiff were pretext.

In sum, there are no genuine issues of material fact as to whether Defendants' reasons for Plaintiff's discharge were pretext. As a result, summary judgment on behalf of Defendants is appropriate.

**IV.     CONCLUSION**

For the reasons stated, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 17).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 12, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 12, 2007.

s/Denise Goodine
Case Manager